J-S11006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT SIMMONS | : | |
| | : | |
| Appellant | : | No. 852 EDA 2022 |

Appeal from the PCRA Order Entered February 2, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006974-2016

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:               **FILED JUNE 21, 2023**

Appellant, Robert Simmons, appeals from the order entered on February 2, 2022, which denied his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court ably summarized the underlying facts of this case:

> The testimony at trial established that[, at approximately 7:00 p.m. on March 27, 2016,] police were following a vehicle in response to a radio call [of a robbery in progress].  The two rear seat passengers, one of whom was Appellant, turned around and made [eye contact] with police.  When the vehicle stopped, the two rear seat passengers exited the vehicle and fled, while the driver and front seat passenger remained in the car.
>
> The male exiting from the rear driver's side [was Appellant's co-defendant, Shafeeq Ahmed (hereinafter "Co-Defendant Ahmed").  Co-Defendant Ahmed] was carrying a black handgun in his hand.  Appellant, who had been sitting in the rear on the passenger side, was not initially observed to have a gun in his hand.  The two men ran together for a distance, with police in pursuit, before splitting up.

[City of Philadelphia Police Officer Lewis Kerr] continued to chase [Co-Defendant Ahmed], the male with a gun. [Although Officer Kerr was chasing Co-Defendant Ahmed, Officer Kerr watched Appellant run north on Mascher Street and, from a distance of approximately 20 feet away, Officer Kerr saw Appellant pull a handgun from his waistband].

As Officer Kerr continued to chase [Co-Defendant Ahmed], Appellant and [Co-Defendant Ahmed] met back up. The two men ran past a breezeway, as a police car with other officers came behind them. They stopped behind a brown car, where Appellant briefly dipped behind the car, then both men came back past the breezeway before attempting to climb a fence, at which time they were apprehended.

A gun magazine and alleged marijuana were recovered from Appellant. The gun police had seen Appellant remove from his waistband was recovered from under the brown car behind which Appellant had dipped down, near to where Appellant and [Co-Defendant Ahmed] were apprehended. The gun in possession of [Co-Defendant Ahmed] was recovered in a breezeway near to where he and Appellant were apprehended. The magazine recovered from Appellant fit the gun found in the breezeway.

Trial Court Opinion, 9/21/18, at 2-3 (citations omitted).

Following a bench trial, the trial court found Appellant guilty of persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on the public streets of Philadelphia.[1]  On May 4, 2018, the trial court sentenced Appellant to serve an aggregate term of six to 14 years in prison for his convictions.  N.T. Sentencing, 5/4/18, at 21-23.  We affirmed Appellant's judgment of sentence on April 13, 2020.  *Commonwealth v.*

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

*Simmons*, 236 A.3d 1090 (Pa. Super. 2020) (non-precedential decision) at 1-4.

On November 18, 2020, Appellant filed a timely, counseled PCRA petition. Within the petition, Appellant claimed that he recently became aware of exculpatory, after-discovered evidence, which entitles him to a new trial. Specifically, Appellant claimed, on November 18, 2020, his PCRA counsel (hereinafter "PCRA Counsel") received a letter from Co-Defendant Ahmed, where Co-Defendant Ahmed admitted that he possessed both guns on the night in question. Appellant attached a written statement, purportedly from Co-Defendant Ahmed, which declared:

> On March [27, 2016, I, Co-Defendant Ahmed], was set to meet with a guy by the name of George Exum to purchase some marijuana. I know how drug deals go bad so I brought a gun, a [.40] caliber highpoint. I called my friend[, Appellant,] to meet me just in case it goes wrong. When I met George Exum, I gave him the money for about 2 pounds. I noticed he was reaching for the firearm, myself and [Appellant] started to wrestle with him for the gun. He dropped the gun which was a 45 Remington if I'm not mistak[en]. I then picked it up and grabbed it, tucked it and told [Appellant] to grab the weed and as we were running the cops pulled up. There were two other guys that came along with [Appellant] that I had never met before. They also had pulled up to the scene to meet us and we ran to their car.
>
> [Appellant] had started telling me that he couldn't afford to go back to jail, he had recently [come] home and was trying to pursue a rap career and attend college. [At] this time I had two guns, one that belonged to me and the other that I had taken from George along with the marijuana that [Appellant] passed back to me. Even though I felt bad that I had gotten him in this situation, I asked him to take one of the guns however he refused. We got out of the car and began to run ahead of the cops, I asked him again to take

one of the guns but he refused. We stopped by a car as I went to remove one of the guns, I struggled to get the [second] one off my waist because everything was moving so fast. I [accidentally] dropped the clip to my [.40] caliber highpoint, I told [Appellant] to pick it up and toss it some place so that the cops would not see. When I got sentenced for the [.40] caliber and realized that they were pinning George's gun – the one that I had taken from him [– on Appellant,] I knew that something was wrong but I was afraid to speak up [feeling] like I could possibly get more time. I was also upset [that Appellant] wouldn't take one of the guns from off of me.

Now I am home and [it's] bothering me inside to hear that he got all that time for something he really had no role in. If [Appellant] had not been there the witness George Exum could have possibly shot me.

PCRA Petition, 11/18/20, at Attachment 1.

The above statement was not sworn. Further, the page upon which the statement appears is not notarized; instead, a notarized seal appears on a separate page, which attests that Co-Defendant Ahmed "executed the foregoing instrument." *Id.* at Attachment 2.

As the PCRA court explained:

The matter was listed for an evidentiary hearing on two occasions, but [Co-Defendant Ahmed] did not appear. When [Co-Defendant Ahmed] failed to appear at the second hearing on December 7, 2021, [PCRA Counsel] advised the [PCRA court] that [Co-Defendant Ahmed] would not be appearing, and [PCRA Counsel] had no expectation that he would ever appear. [PCRA Counsel] further advised the court that even if [Co-Defendant Ahmed] was compelled to appear, he would exercise his right to remain silent, which in light of [Appellant's] proffer of his testimony (possession of the firearm), was a legitimate exercise of that right.

PCRA Court Opinion, 2/2/22, at 1 n.1 (some capitalization omitted).

Since Co-Defendant Ahmed refused to appear for the evidentiary hearing, the PCRA court denied Appellant's petition on February 2, 2022. Appellant filed a timely notice of appeal and, on appeal, the PCRA court appointed new counsel to represent Appellant. Appellant now raises two claims to this Court:

> [1.] Did the [PCRA] court err and abuse its discretion by failing to assess the credibility of [Co-Defendant Ahmed's] exculpatory affidavit before dismissing the PCRA petition?
>
> [2.] Did PCRA [Counsel] render ineffective assistance by failing to subpoena [Co-Defendant Ahmed], an indispensable witness who submitted an exculpatory affidavit?

Appellant's Brief at 5.

First, Appellant claims that the PCRA court erred when it dismissed his petition "without assessing the credibility of" Co-Defendant Ahmed's notarized statement. *Id.* at 7.

"Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Id.* (citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated

circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi).

To obtain relief based on after-discovered evidence, an appellant must show that the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012), *citing Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008). To determine whether the evidence is "of such nature and character" to compel a different verdict in a new trial, a court should consider "the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." *Commonwealth v. Padillas*, 997 A.2d 356, 365 (Pa. Super. 2010).

In the case at bar, Appellant filed a PCRA petition, where he attached a statement that was purportedly written by Co-Defendant Ahmed. The statement declared that Co-Defendant Ahmed possessed both firearms that were recovered on the night in question – and that Appellant, at no point, possessed the firearms. In response, the PCRA court scheduled an evidentiary hearing on Appellant's petition, so that the PCRA court could hear

Co-Defendant Ahmed's testimony and judge his credibility. However, Co-Defendant Ahmed did not appear at the evidentiary hearing. *See* PCRA Court Opinion, 2/2/22, at 1 n.1.

Rather than immediately deny Appellant's petition, the PCRA court continued the hearing until December 7, 2021, to enable Appellant to secure Co-Defendant Ahmed's presence. However, Co-Defendant Ahmed refused to appear for the December 7, 2021 hearing. Further, the PCRA court explained:

> When [Co-Defendant Ahmed] failed to appear at the second hearing on December 7, 2021, [PCRA Counsel] advised the [PCRA court] that [Co-Defendant Ahmed] would not be appearing, and [PCRA Counsel] had no expectation that he would ever appear. [PCRA Counsel] further advised the court that even if [Co-Defendant Ahmed] was compelled to appear, he would exercise his right to remain silent, which in light of [Appellant's] proffer of his testimony (possession of the firearm), was a legitimate exercise of that right.

PCRA Court Opinion, 2/2/22, at 1 n.1.

The success of Appellant's petition was contingent upon Co-Defendant Ahmed's testimony and, since Co-Defendant Ahmed did not appear for the evidentiary hearing on Appellant's petition, the PCRA court properly denied Appellant's petition. To be sure, since Co-Defendant Ahmed refused to testify during the evidentiary hearing, Appellant failed to satisfy his evidentiary burden of production in this case.[2] *C.f. Commonwealth v. Wells*, 578 A.2d

---

[2] Within Appellant's brief, Appellant claims that his case is similar to ***Commonwealth v. D'Amato***, 856 A.2d 806 (Pa. 2004) and ***Commonwealth v. Williams***, 732 A.2d 1167 (Pa. 1999), where the Pennsylvania Supreme Court held that the respective PCRA courts erred when
*(Footnote Continued Next Page)*

27, 32 (Pa. Super. 1990) ("[w]henever an evidentiary hearing on a claim of ineffectiveness is granted, the burdens of production and persuasion remain on the defendant. If the defendant fails to sustain the offer of proof at the evidentiary hearing, the ineffectiveness claim must fail. A failure to sustain an allegation of ineffectiveness may arise from a failure to present evidence at the evidentiary hearing, or from a rejection of the evidence presented in support of the proffer as not credible"). Appellant was thus entitled to no relief.

Next, Appellant claims that PCRA Counsel was ineffective for failing to subpoena Co-Defendant Ahmed. We note that Appellant raises the ineffectiveness of PCRA Counsel for the first time on appeal. Nevertheless, as our Supreme Court has held: "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021). The

_____

the courts dismissed PCRA petitions without holding an evidentiary hearing and without first "assess[ing] the credibility and significance of the recantation [evidence] in light of the evidence as a whole." *See D'Amato*, 856 A.2d at 825; *see also Williams*, 732 A.2d at 1180-1181 (holding: "we find that the PCRA court abused its discretion . . . in failing to make an independent credibility determination" of the recantation evidence before it dismissed the petition without holding an evidentiary hearing).

Obviously, the facts and procedural posture of the case at bar are nothing like *D'Amato* and *Williams* because, in the case at bar, the PCRA court actually held an evidentiary hearing. Appellant simply failed to produce any evidence during the scheduled hearing.

*Bradley* Court then explained the procedure for disposing of a newly-raised ineffectiveness claim:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.
>
> . . . [A]n appellate court will not be tasked with developing the record or acting as a court of original jurisdiction. Rather, appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record.

*Id.* at 402 (quotation marks, citations, corrections, and footnote omitted).

In the case at bar, the PCRA court appointed new counsel to represent Appellant on appeal and this is Appellant's first opportunity to contest the effectiveness of PCRA Counsel.[3] Therefore, we may properly consider Appellant's ineffective assistance of counsel claim.

Under the PCRA, a petitioner is entitled to relief if they are able to plead and prove, by a preponderance of the evidence, the "[i]neffective assistance

_____

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

- 10 -

> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

Appellant claims that PCRA Counsel was ineffective because counsel failed to subpoena Co-Defendant Ahmed to appear for the PCRA hearing. Our Supreme Court has explained:

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [ineffectiveness] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1108-1109 (Pa. 2012).

Here, Appellant's ineffective assistance of counsel claim immediately fails because Appellant cannot plead or prove that Co-Defendant Ahmed "was willing to testify for [Appellant]." *See id.*

As explained above, during the PCRA hearing, PCRA Counsel informed "the [PCRA court] that [Co-Defendant Ahmed] would not be appearing [for the hearing], and [PCRA Counsel] had no expectation that he would ever appear." PCRA Court Opinion, 2/2/22, at 1 n.1. Further, PCRA Counsel informed the PCRA court that "even if [Co-Defendant Ahmed] was compelled

- 11 -

to appear, he would exercise his right to remain silent." ***Id.*** The PCRA court credited PCRA Counsel's representations and thus denied Appellant relief on his petition. PCRA Court Order, 2/2/22, at 1; ***see also*** Pa.R.P.C. 3.3(a)(1) ("[a] lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer").

In light of the above-quoted statements from PCRA Counsel, the PCRA court's crediting of those statements, and the fact that Co-Defendant Ahmed failed to appear at both the originally-scheduled and continued PCRA evidentiary hearing, we conclude that "the record before [us is] sufficient to allow for [immediate] disposition of [Appellant's] newly-raised ineffectiveness claim[]." ***See Bradley***, 261 A.3d at 402. Further, we conclude that, since Appellant cannot plead or prove that Co-Defendant Ahmed "was willing to testify for [Appellant]" at the PCRA hearing, Appellant cannot succeed on his ineffective assistance of counsel claim. We thus affirm the PCRA court's order.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2023